ORAL ARGUMENT REQUESTED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
336 LLC, d/b/a "The Erotica", et al.,

                    Plaintiffs,

    v.

THE CITY OF NEW YORK, et al.,

                  Defendants.
-------------------------------------------------X

Docket No.
18-cv-3732-LJL

[rel. 02-cv-4431-LJL]
[rel. 02-cv-4432-LJL]
[rel. 02-cv-8333-LJL]

---

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON
CHALLENGES TO MANDATORY TERMINATION PROVISIONS
AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT
ON PERMITTING AND VESTING PROVISIONS**

---

      **PLEASE TAKE NOTICE** that Plaintiffs 336 LLC, d/b/a "The Erotica";

Chelsea 7 Corp.; Gotham Video Sales & Distribution Inc.; Rainbow Station 7 Inc.;

Video Lovers Inc.; Vishara Video, Inc.; Vishans Video, Inc.; 725 Video Outlet Inc.;

Jaysara Video, Inc.; DCD Exclusive Video Inc.; and 557 Entertainment Inc.

("Plaintiffs" or "Bookstore Plaintiffs"), by and through counsel, hereby move this

Court, pursuant to Fed. R. Civ. P. 56, for an order of Partial Summary Judgment,

consisting of a declaration that the mandatory termination provisions of NYC

Zoning Resolution ("ZR") §§ 52-77 and 72-41 are facially unconstitutional, in

violation of the Free Speech and Equal Protection guarantees of the First and

Fourteenth Amendments to the United States Constitution, and a permanent injunction preventing their enforcement by Defendant and/or its officers, agents, attorneys and departments against these Plaintiffs or any of their officers, managers, shareholders, members, agents, employees, performers, landlords, tenants, or anyone else in connection with Plaintiffs' premises at 336 Eighth Avenue, New York, NY; 155 Eighth Avenue, New York, NY; 687 Eighth Avenue, New York, NY; 203 Eighth Avenue, New York, NY; 746 Third Avenue, Brooklyn, NY; 781 Eighth Avenue, New York, NY; 797 Eighth Avenue, New York, NY; 725 Sixth Avenue, New York, NY; 308 West 36th Street, New York, NY; 102-30 Queens Boulevard, Forest Hills (Queens), NY; and 557 Eighth Avenue, New York, NY.

**IN THE ALTERNATIVE,** and only in the event Plaintiffs' above-described motion is denied, Plaintiffs move the Court for an order of Partial Summary Judgment consisting of a declaration that the City of New York's permitting and vesting provisions applicable to "adult establishment" uses (as described in greater detail in Plaintiffs' Memoranda of Law) are facially unconstitutional, in violation of the Free Speech and Equal Protection guarantees of the First and Fourteenth Amendments to the United States Constitution.  And, because such provisions deny Plaintiffs a "reasonable opportunity" to relocate their businesses, Plaintiffs move for a permanent injunction preventing enforcement of the mandatory termination provisions of ZR §§ 52-77 and 72-41 against Plaintiffs or any of their officers,

managers, shareholders, members, agents, employees, performers, landlords, tenants, or anyone else in connection with Plaintiffs' Manhattan premises at 336 Eighth Avenue, New York, NY; 155 Eighth Avenue, New York, NY; 687 Eighth Avenue, New York, NY; 203 Eighth Avenue, New York, NY; 746 Third Avenue, Brooklyn, NY; 781 Eighth Avenue, New York, NY; 797 Eighth Avenue, New York, NY; 725 Sixth Avenue, New York, NY; 308 West 36th Street, New York, NY; 102-30 Queens Boulevard, Forest Hills (Queens), NY; and 557 Eighth Avenue, New York, NY, to last until such time, if ever, as the City should successfully move to vacate that injunction upon proof that it has cured all the constitutional deficiencies in its scheme for permitting and vesting which will be identified in the Court's declaratory judgment.

These motions are supported by each of the following, as well as any exhibits annexed thereto:

(1) Joint Statement of Material Facts (filed in all four actions on May 23, 2022) (ECF No. 122);

(2) Joint Request and Stipulations Regarding the Taking of Judicial Notice (filed in all four actions on May 9, 2022) (ECF No. 121);

(3) Supplemental Joint Statement of Facts (filed in all four actions on September 8, 2022) (ECF No. 127);

(4) Bookstore Plaintiffs' Memorandum of Law in Support of Partial Summary Judgment Motions (filed contemporaneously herewith);

(5) Club Plaintiffs' Memorandum of Law in Support of Partial Summary Judgment Motions (filed contemporaneously herewith);

(6) Declaration of Michael Berzak in Support of Club Plaintiffs' Motion for Partial Summary Judgment (filed contemporaneously herewith);

(7) Declaration of Daniel J. Zazzali in Support of Club Plaintiffs' Motion for Partial Summary Judgment (filed contemporaneously herewith);

(8) Declaration of Daniel Knecht in Support of Club Plaintiffs' Motion for Partial Summary Judgment (filed contemporaneously herewith); and

(9) Plaintiffs' previously filed Plaintiffs' Joint Appendix (PJA) (a 17-volume document filed herein on November 21, 2018) (ECF Nos. 29-45) and Plaintiffs' Joint Reply Appendix (PJRA) (a four-volume document filed herein on March 15, 2019) (ECF Nos. 61-64).

This motion will also be based on any additional papers or responses filed hereafter in support of this motion, as well as any argument or presentation that may be made at any hearing on this motion.

September 16, 2022

Respectfully submitted,

/s/ Erica T. Dubno
Erica T. Dubno, Esq.
Fahringer & Dubno
43 West 43rd Street, Suite 261
New York, New York 10036
(212) 319-5351
(212) 319-6657 (fax)
erica.dubno@fahringerlaw.com

Counsel for Plaintiffs

To:   Sheryl R. Neufeld, Esq.
      Kerri Ann Devine, Esq.
      Mark W. Muschenheim, Esq.
      New York City Law Department
      100 Church Street
      New York, New York 10007
      (212) 788-0577
      (212) 791-9714 (fax)
      sneufeld@law.nyc.gov
      kdevine@law.nyc.gov
      mmuschen@law.nyc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2022, the foregoing document and all supporting documents were served by the Court's CM/ECF electronic filing and notification system on all counsel of record in this case as well as in the related cases of <u>725 Eatery Corp. v City of New York</u>, No. 1:02-cv-4431-LJL; <u>59 Murray Corp. v. City of New York</u>, No. 1:02-cv-4432-LJL; and <u>Club at 60th Street v. City of New York</u>, No. 1:02-cv-8333-LJL.

September 16, 2022

/s/ Erica T. Dubno
Erica T. Dubno, Esq.